UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| GUDRUN JOHANNA FRANZ, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | 1:13-cv-00258-NT |
| | ) | |
| TOWN OF MACHIAS, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION**

Plaintiff Gudrun Johanna Franz, through counsel, commenced this action on July 12, 2013. (ECF No. 1) As the result of issues unrelated to the relationship between Plaintiff and her counsel, Plaintiff's counsel was granted leave to withdraw. (ECF No. 18) In granting leave to withdraw on July 2, 2014, the Court also ordered that "[o]n or before July 18, 2014, Plaintiff shall arrange for new counsel to enter an appearance in this matter, or inform the court in writing that she is proceeding pro se." *Id*. In addition, on May 1, 2014, prior to granting leave to withdraw, the Court stayed the case in order to permit Plaintiff the opportunity to secure new counsel. (ECF No. 17)

After Plaintiff's counsel had withdrawn from the representation of Plaintiff, the Court scheduled a telephonic conference with the parties to discuss whether Plaintiff intended to retain new counsel or whether she intended to proceed *pro se*. During the August 12, 2014, telephonic conference, Plaintiff informed the Court that she had been unable to secure counsel to represent her, and was unsure whether she would proceed with the action without counsel. Following the conference, the Court ordered that "[o]n or before September 5, 2014, [Plaintiff] shall advise the court in writing as to whether she will continue with her claim while representing herself, or whether she will voluntarily dismiss her action." (ECF No. 21)

Plaintiff did not notify the Court of her intention in accordance with the Court's order. Accordingly, on September 9, 2014, the Court issued an Order to Show Cause that required Plaintiff, on or before September 26, 2014, to "show cause as to why she has not made the filing as ordered and as to why her case should not be dismissed." (ECF No. 23) The Court further stated that "[i]f Plaintiff fails to show cause, Plaintiff's Complaint could be dismissed." *Id*.

A review of the record thus demonstrates that beginning in May, the Court permitted Plaintiff the opportunity to obtain new counsel. New counsel has not entered an appearance for Plaintiff. The record also reveals that after the formal withdrawal of her attorney, Plaintiff expressed uncertainty as to whether she intended to proceed in this matter. Because of that uncertainty, the Court afforded Plaintiff time to assess her options, and notify the Court of her intentions. When Plaintiff did not notify the Court as ordered, through its Show Cause order, the Court allowed Plaintiff a final opportunity to inform the Court whether she intended to proceed with this action, which Order included the caveat that if Plaintiff failed to make the required filing, the case could be dismissed.

Given that Plaintiff has not secured new counsel, and that Plaintiff has not informed the Court that she intends to proceed *pro se* as ordered, one can logically conclude that at least at the present time, Plaintiff does not intend to proceed with this action. The recommendation, therefore, is that based on Plaintiff's failure to prosecute the matter, the Court dismiss this action without prejudice.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) (1993) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 1st day of October, 2014.